T.C. Memo. 2001-253


UNITED STATES TAX COURT


MARICA CHAMA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8083-00.                    Filed September 24, 2001.


<u>Robert A. Bransley</u>, for petitioner.

<u>Catherine M. Thayer</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>: Respondent determined a
deficiency in petitioner's Federal income tax in the amount of
$8,200 for the taxable year 1993.  Unless otherwise indicated,
section references are to the Internal Revenue Code in effect for
the year in issue.

After concessions by petitioner, this Court must decide whether petitioner is liable for income tax on $61,983, her distributive share of partnership income.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Chicago, Illinois, at the time she filed her petition.

Petitioner held a 5-percent interest in Sheridan Lake View Partnership (Partnership). The Partnership was engaged in the business of renting buildings.

On December 31, 1993, the Partnership entered into a transaction where it sold a parcel of real estate commonly known as 5050 North Sheridan Road, Chicago, Illinois (Sheridan), to Steven and Craig Strange (the Stranges), and purchased two parcels of real estate commonly known as 1101-03 West Pratt Avenue, Chicago, Illinois (Pratt), and 3134-40 West Montrose Avenue, Chicago, Illinois (Montrose), from the Stranges. The sales price of the Sheridan property was $3,975,000, and the purchase price of the Pratt and Montrose properties, collectively, was $1,075,000. A substantial mortgage was assumed by the Stranges.

For the taxable year 1993, Gerard Mader prepared the Partnership's tax return. The parties stipulated that the Partnership return included a Form 8824, Like-Kind Exchanges, and reported a gain in the amount of $1,239,660 from the sale of the

Sheridan property and the purchase of the Montrose and Pratt properties.  Mr. Mader prepared the Schedules K-1, Partner's Share of Income, Credits, Deductions, Etc., reflecting each partner's distributive share of that gain.  Petitioner's Schedule K-1 reflected a gain in the amount of $61,983.

Petitioner did not report the $61,983 on her Federal income tax return for 1993.  Respondent determined, inter alia, that petitioner should have reported the $61,983 as a capital gain pursuant to section 61(a)(13).

Section 702(c) provides that in any case where it is necessary to determine the gross income of a partner for purposes of this title, such amount shall include his distributive share of the gross income of the partnership.  Petitioner states that she did not receive a cash distribution but that is irrelevant under the statute.  Each partner is taxable upon his or her distributive share of the partnership profits, whether or not distributed.  Sec. 702; sec. 1.702-1(a), Income Tax Regs.  Or to put it another way, a partner is taxable on his or her distributive or proportionate shares of partnership income, irrespective of whether that income is actually distributed to him or her.  United States v. Basye, 410 U.S. 441, 447-8, 454 (1973); Cipparone v. Commissioner, T.C. Memo. 1985-234.  In the instant case, it appears that the Partnership reinvested petitioner's share of the gain.

The parties stipulated that petitioner's interest in the Partnership was 5 percent and that the Partnership had a gain of $1,239,600. Therefore, 5 percent of that amount, the $61,983 reported on the Schedule K-1, is the "distributive share" which petitioner must report as her gross income. Sec. 702(c). Accordingly, we sustain respondent's determination.

Decision will be entered for respondent.